Brownlee & Brownlee, of Madisonville, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for aiding a felony convict to escape; punishment assessed at eight years in the penitentiary.

Appellant was sentenced on May 27, 1943, and gave notice of appeal to this court. From the affidavit of the sheriff of Montgomery County we learn that appellant escaped from jail on May 30, and was recaptured in Harris County. He did not return voluntarily.

The affidavit of the sheriff of Montgomery County shows that he was holding appellant as a federal prisoner, and under directions of such authority he turned him over to Madison County officers; that on May 27 appellant was returned to affiant and he placed appellant in jail to hold for the federal authorities.

Appellant urges that if he escaped jail it was as a federal prisoner and that Art. 824, C.C.P., Vernon's Ann.C.C.P. art. 824, does not apply. Appellant had not given bond entitling him to release pending appeal from the conviction in the State court, and if the federal authorities had ordered him discharged on the federal charges it would not have liberated him under the State conviction pending his appeal.

The State's motion to dismiss the appeal under Art. 824, C.C.P., is sustained.

## BURTON v. STATE.
### No. 22598.

Court of Criminal Appeals of Texas.
Oct. 27, 1943.

No appearance for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was properly indicted upon a charge of burglary. By two additional counts in the indictment, it is alleged that he had been twice convicted of burglary previous to the commission of the offense for which he was on trial. The jury's

verdict covered all issues raised by the indictment and the court's charge. The court assessed a penalty of life imprisonment in the penitentiary.

The record is before us without bills of exception and without statement of fact. The judgment of the trial court is affirmed.